THE STATE EX REL. BOGGS ET AL., APPELLANTS, *v.* SPRINGFIELD
LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Boggs v. Springfield Local School
Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94.]

(No. 94–436—Submitted March 7, 1995—Decided April 26, 1995.)

Lucas, Prendergast, Albright, Gibson & Newman and James E. Melle, for appellants.

Johnson, Balazs & Angelo and Michael J. Angelo, for appellee.

*Per Curiam.* A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. In reviewing the complaint, the court must take all of the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

" 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Id.,* quoting *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Thus, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim(s) being asserted against it, and it appears that the plaintiff might prove some set of facts entitling him to relief.

The relators' complaint below complies with this standard.[1] The complaint alleges the existence of a clear legal duty by the board and the lack of an

---

1. The amended verified complaint provides in part:

adequate remedy by the relators with sufficient particularity to put the respondent on notice of the relators' claims against it. *State ex rel. Hanson, supra*, 65 Ohio St.3d at 548–549, 605 N.E.2d at 381–382. Further, the complaint alleges facts which, if proven, might entitle the relators to relief. *O'Brien, supra*, 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Thus, the complaint states a claim against the board.

Further, under Civ.R. 12(B)(6), respondent was not permitted to support its motion to dismiss by relying on anything outside the complaint:

"[T]he movant may not rely on allegations or evidence outside the complaint; otherwise, the [Civ.R. 12(B)(6) ] motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment. * * * Even then, only certain forms of evidence may be submitted to support the motion." (Citations omitted.) *State ex rel. Hanson, supra*, 65 Ohio St.3d at 548, 605 N.E.2d at 381.

Thus, if the court of appeals below relied upon the documents attached to the board's motion in rendering its decision, the court was required to convert the motion to dismiss into one for summary judgment. *Id.* Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. The court of appeals below gave no notice that it was converting respondent's motion to dismiss into one for summary judgment.

Instead, the court of appeals stated:

"[T]he relators in this case have not shown a clear legal right to be reinstated, nor have they demonstrated that no other plain and adequate remedy exists in the ordinary course of the law to vindicate whatever contractual rights they may

---

"1. * * * [Certain named relators] are employees of [the board], each of whom hold[s] continuing contracts of employment pursuant to R.C. 3319.081.

"2. * * * [Other named relators] are not yet continuing contract employees pursuant to R.C. 3319.081, but, have limited contracts of employment for the school year 1993–1994 with Respondent.
" * * * *

"6. All Relators demanded that Respondent honor their contracts and their tenure.
" * * * *

"10. On or about Saturday October 9, 1993 Respondent executed a pupil transportation contract with Seattle (Ex. 10) and effective Monday October 11, 1993 Relators['] jobs were purportedly abolished.

"11. Because Respondent has not complied with Relators' rights under R.C. 3319.081 *et seq.*, the contract entered into with Seattle is neither valid nor effective.
" * * * *

"13. Relators have a clear legal right to be reinstated to their positions pursuant to their continuing and limited contracts with Respondent and to receive all back pay and benefits from September 13, 1993. Respondent has a clear legal duty to honor the continuing and written contracts of Relators and pay them back pay for the period of time that they have been wrongfully excluded from employment. Relators have no adequate remedy at law."

have with respect to their continuing contracts of employment. *Moreover, the relators' contention that their positions were not, in fact, abolished is a factual determination to be made in an appropriate civil action and not the subject for an action in mandamus.* Accordingly, because the relators have not established a clear legal right to the relief sought, we deny a writ of mandamus."

Under Civ.R. 12(B)(6), the court was required to take all of the factual allegations in the relators' complaint as true, including those regarding the abolition of relators' positions. *State ex rel. Hanson, supra*, 65 Ohio St.3d at 548, 605 N.E.2d at 381. The court did not do so. Therefore, the court did not properly use Civ.R. 12(B)(6) as the basis of its decision.

Further, the court did not base its decision on Civ.R. 56. Under Civ.R. 56(C), a court may only grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The factual question noted by the court of appeals regarding the abolition of relators' positions appears to involve a genuine issue of material fact and, therefore, should have prevented the granting of summary judgment on the board's behalf. *State ex rel. Baran, supra*, 55 Ohio St.3d at 97, 563 N.E.2d at 716. Moreover, this issue need not be resolved only in a contract action. We have held that a contract action is not an adequate legal remedy for enforcing a right to continued public employment. *State ex rel. Donaldson v. Athens City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 145, 149, 624 N.E.2d 709, 713.

Additionally, the evidence attached to the board's motion was not of the form that may be used to support a motion for summary judgment. Under Civ.R. 56(C), only "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are permitted to support a motion for summary judgment. Civ.R. 56(C). The letters, contract proposals, and board minutes attached to the board's motion do not fit any of the categories listed in Civ.R. 56. No affidavits or authenticating testimony for these documents was attached to respondent's motion. Thus, none of the board's evidence properly supports a motion for summary judgment. *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703. Therefore, the court could not have properly rendered its decision based on Civ.R. 56.

This was error. *State ex rel. Hanson, supra*, 65 Ohio St.3d 545, 605 N.E.2d 378. Accordingly, we reverse the judgment of the court of appeals and remand the cause for further proceedings on the relators' complaint.

*Judgment reversed
and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur. WRIGHT and COOK, JJ., not participating.

