An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Plaintiff-appellant Roy E. Skinner appeals the decision of the trial court granting the motion for summary judgment of defendant-appellee Progressive Insurance Co. (Progressive); and denying the appellant's motion for partial summary judgment.
The appellant sets forth four assignments of error, the first three argue that the court erred in granting the appellee's motion for summary judgment because: 1) the appellee's motion was supported by an unauthenticated document; 2) the appellee contradicted an admission made in its answer; and, 3) material issues of fact precluded summary judgment. The fourth assignment of error contends that the court should have granted the appellant's partial motion for summary judgment.
In the complaint, the appellant acknowledges that his vehicle was damaged in an accident occurring on June 26, 1997. Attached to the complaint is the insurance policy issued by the appellee, policy number 09097314-5. Attached also is the cover sheet of the policy which indicates that the policy insured both Roy E. Skinner and Vickie Skinner, but excluded Roy E. Skinner II. The insurance policy submitted by the appellant did not contain the actual endorsement which excluded the appellant's son from coverage.
In its motion for summary judgment, the appellee attached an unauthenticated copy of the policy endorsement in which Roy E. Skinner II was excluded from coverage. In the brief in opposition to the appellee's motion, the appellant objected to the policy endorsement because it was not authenticated.
In Vahila v. Hall (1997), 77 Ohio St.3d 421, 428-429, the court cited to Mitseff v. Wheeler (1988), 38 Ohio St.3d 112 for the proposition that the burden of showing that no genuine issue as to any material fact falls upon the moving party requesting summary judgment. The moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact. See also Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Vahila, supra at 429, citing toDresher v. Burt (1996), 75 Ohio St.3d 280. Once the moving party satisfies its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.Vahila, supra.
Under Civ.R. 56(C), only depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact are permitted to support a motion for summary judgment. When evidence does not fall within these categories, and no affidavits or authenticating testimony is attached, the evidence may not support the motion for summary judgment.State ex rel. Boggs v. Springfield Local School Dist. Bd. OfEdn. (1995), 72 Ohio St.3d 94.
In the case sub judice, the only evidence attached to the motion for summary judgment by the appellee was the policy endorsement which excluded Roy E. Skinner II from the policy. This evidence does not fall within Civ.R. 56(C). Additionally, the appellee failed to attach any affidavits or authenticating testimony to its motion for summary judgment as required underBoggs, supra. Since the unauthenticated exclusion may not be considered, the appellee failed to meet its burden underVahila, supra.
The appellant's first assignment of error is well taken.
The appellant's fourth assignment of error:
 THE COURT COMMITTED PREJUDICIAL ERROR IN NOT GRANTING PLAINTIFF'S MOTION FOR A PARTIAL SUMMARY JUDGMENT.
The appellant argues that his policy provides for collision coverage, regardless of who is driving the vehicle at the time of the accident. As stated supra, attached to the appellant's complaint is a copy of the insurance policy. This face sheet of the contract indicates that there is a driver who is excluded under the policy. This evidence of an existing exclusion is sufficient to create a material issue of fact and preclude granting the appellant's partial motion for summary judgment under Civ.R 56.
The appellant's fourth assignment of error is overruled.
Since the appellant's second and third assignments of error are moot pursuant to App.R. 12, this court specifically refrains from making any comment regarding their merit.
Judgment reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
 _______________________________ TIMOTHY E. McMONAGLE, P.J.
 _______________________________ KENNETH A. ROCCO, J.
 _______________________________ JAMES D. SWEENEY, J.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).