{¶ 1} This is an original action in which relator, Stanley Smith, seeks a writ of mandamus under which respondent, Judge Gary L. Yost of the Ashtabula County Court of Common Pleas, would be required to vacate relator's criminal conviction for felonious assault. In his petition before this court, relator generally asserts that his conviction must be voided because respondent lacked subject matter jurisdiction in the underlying proceeding. For the following reasons, we conclude that the mandamus petition does not state a proper claim for relief.
{¶ 2} Our review of relator's petition shows that it primarily consists of a series of general legal statements concerning subject matter jurisdiction in a criminal proceeding and the requirements for the issuance of a writ of mandamus. Although his petition is accompanied by a copy of the indictment against relator in the underlying criminal case, the petition itself does not contain any specific factual allegations setting forth a valid reason why respondent would not have jurisdiction over the subject matter of the case. Instead, the petition only contains a general assertion that jurisdiction was lacking as a result of a vague flaw in the indictment process.
{¶ 3} Our review of the copy of the indictment does not reveal any obvious flaws which would deprive respondent of the ability to proceed to trial. Similarly, the sentencing judgment in the underlying matter, a copy of which is also attached to the mandamus petition, does not contain any inherent errors. Thus, in the absence of any specific allegations in the petition, there is simply nothing before us to indicate that respondent, as a duly-elected judge of a court of common pleas, did not have the jurisdiction to try relator on the underlying felony offense. Under these circumstances, relator's petition is subject to dismissal under Civ.R. 12(B)(6) because he has failed to demonstrate that he will be able to prove a set of facts under which he will be entitled to the relief sought.
{¶ 4} As an aside, this court would further note that, in a prior mandamus action before us, relator alleged that his conviction should be vacated because the indictment against him had not been properly amended during the course of the trial. In State ex rel. Smith v. Yost (Dec. 11, 1998), 11th Dist. No. 98-A-0099, 1998 Ohio App. LEXIS 5978, we held that relator was not entitled to the writ because he had had an adequate legal remedy through which he could have obtained the reversal of his conviction. Specifically, this court indicated that the amendment issue could have been properly considered in a direct appeal from his conviction.
{¶ 5} Since the allegations in relator's present petition are extremely vague, it is impossible to determine whether it was his intention to raise the same argument which formed the basis of his 1998 petition. However, if that was his intent, his present petition is also subject to dismissal on the grounds that relator had an adequate remedy at law.
{¶ 6} Finally, in the caption of his petition, relator states that he was also seeking a writ of prohibition against respondent. However, in the body of his petition, he has failed to allege that respondent is presently exercising jurisdiction over his criminal case. Thus, relator's petition is likewise legally insufficient to state a viable claim in prohibition.
{¶ 7} To state a viable claim for a writ of mandamus, relator had to present sufficient allegations to show that he would be able to prove a set of facts under which, inter alia, respondent would have a legal duty to vacate the prior conviction. See State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95. In light of the foregoing analysis, this court holds that relator has failed to satisfy this standard. Accordingly, it is the sua sponte order of this court that relator's mandamus petition is hereby dismissed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., DIANE V. GRENDELL, J., concur.