DECISION ON MOTION TO DISMISS
{¶ 1} Relator, Redintoe C. Thompson, has filed an original action in mandamus requesting that this court issue a writ of mandamus to order respondent, Mary Oakley, Assistant Chief of the Bureau of Sentence Computation, to apply to his sentence 364 days of jail-time credit that the trial court awarded him for time he served in jail prior to being sentenced. In addition, relator asks that we order respondent to reschedule his parole hearing from June 2007 to June 2006. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate rendered a decision with findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that respondent did apply 364 days of jail-time credit to relator's sentence and properly scheduled his parole hearing for 2007. Therefore, the magistrate decided that respondent's motion to dismiss should be granted. Neither party has filed objections to the magistrate's decision.
 {¶ 3} As indicated in the magistrate's findings of fact, the trial court awarded relator 364 days of jail-time credit after it sentenced him in June 1991 for an aggravated murder with a firearm specification conviction. The trial court sentenced relator to three years imprisonment for the firearm specification and life imprisonment with parole eligibility after 20 years for the aggravated murder conviction. The trial court ordered relator to serve the firearm specification sentence prior and consecutive to the aggravated murder sentence. Subsequently, respondent scheduled relator's parole hearing for June 2007.
 {¶ 4} In reviewing respondent's decision to schedule the parole hearing for 2007, we recognize that jail-time credit reduces relator's prison term. R.C. 2967.191. We further recognize that relator is entitled to a 30 percent good-behavior reduction on the minimum aggravated murder sentence, pursuant to sentencing guidelines in effect when the trial court sentenced him. See former R.C. 2967.19(A) (143 Ohio Laws, Part I, 1483, repealed in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7808-9, effective July 1, 1996); see, also, Ohio Adm. Code 5120-2-05(A) (recognizing the good-behavior reduction for a defendant sentenced under the former felony sentencing guidelines). The good-behavior reduction does not apply to relator's firearm specification sentence. See former R.C. 2929.71(D)(2) (143 Ohio Laws, Part I, 1444, repealed in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7808-9); Ohio Adm. Code 5120-2-05(E).
 {¶ 5} Thus, we calculate relator's parole hearing date from the June 1991 sentencing, add three years for the firearm specification sentence, and arrive at 1994. Assuming relator achieves the full 30 percent good-behavior credit, we reduce the 20-year minimum sentence for aggravated murder to 14 years. Fourteen years after 1994 is 2008. We then subtract one year, approximately 364 days, for relator's jail-time credit and come to 2007, the year computed by respondent.
 {¶ 6} Therefore, the magistrate properly concluded that relator is not entitled to mandamus relief and that respondent's motion to dismiss should be granted. Accordingly, following a review of the magistrate's decision and an independent review of the evidence, we find that the magistrate properly determined the pertinent facts and applied the relevant law, and we adopt the magistrate's decision as our own. Consequently, respondent's motion to dismiss is granted and this action is dismissed.
Case dismissed.
Petree and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Redintoe C. Thompson, :
 Relator, :
v. : No. 04AP-822
Mary Oakley, Assistant Chief Bureau of: (REGULAR CALENDAR)
Sentence Computation et al., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on October 21, 2004 Redintoe C. Thompson, pro se.
Jim Petro, Attorney General, and John H. Jones, for respondents.
IN MANDAMUS
 ON MOTION TO DISMISS {¶ 7} Relator, Redintoe C. Thompson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Mary Oakley, Assistant Chief of the Bureau of Sentence Computation, to credit him with 364 days of jail-time credit served prior to the court's entry accepting his guilty plea and finding him guilty of one count of aggravated murder with a firearm specification.
Findings of Fact:
 {¶ 8} 1. Relator is an inmate currently incarcerated at the Grafton Correctional Institution.
 {¶ 9} 2. Relator was sentenced by the Cuyahoga County Court of Common Pleas on June 10, 1991. Relator was sentenced to a term of life imprisonment with parole eligibility after 20 years plus three years of actual incarceration on the firearm specification which was to be served before and consecutive to the life sentence.
 {¶ 10} 3. On March 10, 2004, relator filed a post-sentence motion requesting credit for jail time served prior to sentencing.
 {¶ 11} 4. By journal entry filed March 17, 2004, the trial court granted the motion and indicated that relator was to be credited with 364 days of jail-time credit. The trial court ordered the Bureau of Sentence Computation to verify the same and to credit relator with those days.
 {¶ 12} 5. According to exhibit D attached to relator's complaint, the documents indicate that relator has been credited with 364 days of jail-time credit and indicate that his first hearing for parole eligibility will be held in June 2007.
 {¶ 13} 6. Because relator believed that, even though the forms indicate that he had been credited with 364 days of jail-time credit, his first parole board hearing date had still be miscalculated, relator filed a second motion for jail-time credit in the trial court.
 {¶ 14} 7. Relator's motion was denied because he had already been granted, by the trial court, the 364 days of jail-time credit time which he sought.
 {¶ 15} 8. Thereafter, relator filed the instant mandamus action in this court requesting that this court order respondent to properly credit him with 364 days of jail-time credit and, according to his computations, order respondent to modify its records to indicate that he would first be eligible for parole in June 2006.
 {¶ 16} 9. The matter is currently before the magistrate on respondent's motion to dismiss.
Conclusions of Law:
 {¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) relator has a clear legal right to the relief prayed for; (2) respondent is under a clear legal duty to perform the act requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law. Stateex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. For the reasons that follow, this magistrate concludes that relator is not entitled to a writ of mandamus.
 {¶ 18} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v. Springfield Local School Dist. Bd.of Edn. (1995), 72 Ohio St.3d 94. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty.Bd. of Commrs. (1992), 65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id. For the following reasons, respondent's motion to dismiss should be granted.
 {¶ 19} According to relator's complaint and the documents attached thereto, the following facts are relevant: (1) relator was sentenced on June 10, 1991 to serve a term of life imprisonment with parole eligibility after 20 years plus three years of actual incarceration on the firearm specification; (2) the original sentencing entry did not address the issue of the number of days of jail-time credit; (3) the trial court granted relator's motion and ordered respondent to credit relator with 364 days of jail-time credit; and (4) respondent's records indicate that relator has been credited with 364 days of jail-time credit and that the date of his first parole hearing is in June 2007.
 {¶ 20} Pursuant to the version of R.C. 2967.13, which was in effect at the time relator was sentenced, a prisoner serving a sentence of imprisonment for life with parole eligibility after serving 20 years of imprisonment becomes eligible for parole after serving a term of 20 years, diminished as provided in R.C. 2967.19, which provides that, where the person faithfully observes the rules of the institution, he is entitled to a diminution of 30 percent of the time that is required to be served before parole edibility as determined under R.C. 2967.13.
 {¶ 21} Based upon the evidence submitted by relator, and after applying the relevant statutory law, the magistrate finds that respondent has properly credited relator with 364 days of jail-time credit and has properly determined his date for his first hearing as to parole eligibility. Specifically, as stated previously, relator was sentenced in June 1991. Adding three years of actual incarceration for the firearm specification, brings one to the year 1994. Reducing the 20 year sentence which relator was ordered to serve on the life sentence by 30 percent, yields 14 years. Taking 1994 and adding 14 years to that, brings one to the year 2007. As such, the magistrate finds that respondent has properly credited relator with 364 days of jail-time credit and has furthermore properly calculated his eligibly for his first parole hearing. Therefore, based upon the facts set out in relator's complaint, he is not entitled to any relief because respondent has properly calculated his parole eligibility.
 {¶ 22} Based on the foregoing, it is this magistrate's decision that respondent's motion to dismiss relator's complaint should be granted.