DECISION ON RESPONDENT'S MOTION TO DISMISS.
{¶ 1} Relator, Rodney W. Cummings, commenced this original action in mandamus seeking an order compelling respondent, Honorable Carol Squire, Judge of the Franklin County Court of Common Pleas, Domestic Relations Division, to accept a proposed "agreed judgment entry/decree of divorce" executed by relator and his wife. Respondent has filed a motion to dismiss for failure of the complaint to state a claim upon which relief in mandamus can be granted.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that relator has a plain and adequate remedy in the ordinary course of law (an appeal) to address the alleged abuse of discretion by respondent. Therefore, the magistrate has recommended that we grant respondent's motion to dismiss. There have been no objections filed to the recommendation of the magistrate.
 {¶ 3} Finding no error or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own pursuant to Civ.R. 53(C), including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus and grant respondent's motion to dismiss.
Motion to dismiss granted; writ of mandamus denied.
Brown, P.J., and French, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Rodney W. Cummings, :
 Relator, :
v. : No. 04AP-899
 :
Honorable Carol Squire, : (REGULAR CALENDAR)
Court of Domestic Relations, :
 Respondent. :
 MAGISTRATE'S DECISION Rendered on January 26, 2005. Stephen P. Ames, for relator.
Ron O'Brien, Prosecuting Attorney, and Patrick J.Piccininni, for respondent.
 IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 4} Relator, Rodney W. Cummings, is the plaintiff in a domestic relations action pending in the Franklin County Court of Common Pleas, Domestic Relations Division, before the Honorable Carol Squire, a judge of that court and respondent in this action. In this original action, relator requests a writ of mandamus ordering respondent to accept a proposed "agreed judgment entry/decree of divorce" executed by relator and his wife.
Findings of Fact:
 {¶ 5} 1. According to the complaint, relator, Rodney W. Cummings, is the plaintiff in case No. 04DR06-2302, now pending in the Franklin County Court of Common Pleas, Domestic Relations Division ("domestic relations court").
 {¶ 6} 2. According to the complaint, respondent, the Honorable Carol Squire, is the judge assigned to the above-described domestic relations action.
 {¶ 7} 3. According to the complaint, on August 30, 2004, relator's attorney presented to respondent a proposed "agreed judgment entry/decree of divorce" ("agreement"), executed by relator and his wife, Debra D. Cummings, who is the defendant in the domestic relations action. The agreement is attached to the complaint as Exhibit A.
 {¶ 8} 4. The agreement indicates that plaintiff and defendant have a minor child born December 18, 2001, as issue of their marriage.
 {¶ 9} 5. According to the complaint, relator and his wife have executed a "Waiver of Separate Counsel" in which Debra waives her right to be represented by an attorney in the domestic relations action.
 {¶ 10} 6. According to the complaint, the agreement names relator as the residential parent and contains no provision for shared parenting. Also under the agreement, defendant would pay no child support.
 {¶ 11} 7. According to the complaint, under the agreement, Debra's visitation with her child would exceed the minimum set forth at Rule 27 of the Domestic Relations Court.
 {¶ 12} 8. According to the complaint, respondent stated that the agreement required a shared parenting plan and then ordered relator to submit a shared parenting plan notwithstanding relator's objection.
 {¶ 13} 9. According to the complaint, the proceeding at which respondent ordered relator to submit a shared parenting plan was not recorded, and respondent refused relator's request that she render findings of fact and conclusions of law on the matter.
 {¶ 14} 10. The complaint prays for a writ of mandamus ordering respondent to accept the proposed agreement as the judgment of the domestic relations court.
 {¶ 15} 11. On October 8, 2004, respondent filed in this action a motion to dismiss for failure of the complaint to state a claim upon which relief in mandamus can be granted. Relator opposes the motion.
Conclusions of Law:
 {¶ 16} Because relator has a plain and adequate remedy in the ordinary course of the law to correct an alleged abuse of discretion of the domestic relations court, it is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.
 {¶ 17} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. In reviewing the complaint, this court must take all the material allegations as admitted and construe all reasonable inferences in favor of relator. Id.
 {¶ 18} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242.
 {¶ 19} It is settled law that, in order for a writ of mandamus to issue, relator must demonstrate that: (1) relator has a clear legal right to the relief prayed for; (2) respondents are under a clear legal duty to perform the acts requested; and (3) relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 20} R.C. 3109.04(A) states, in part:
In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents[,] * * * the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. * * * [T]he court may allocate the parental rights and responsibilities for the care of the children in either of the following ways:
(1) If neither parent files a pleading or motion in accordance with division (G) of this section, * * * the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.
R.C. 3109.04(G) states, in part:
Either parent or both parents of any children may file a pleading or motion with the court requesting the court to grant both parents shared parental rights and responsibilities for the care of the children in a proceeding held pursuant to division (A) of this section. If a pleading or motion requesting shared parenting is filed, the parent or parents filing the pleading or motion also shall file with the court a plan for the exercise of shared parenting by both parents. If each parent files a pleading or motion requesting shared parenting but only one parent files a plan or if only one parent files a pleading or motion requesting shared parenting and also files a plan, the other parent as ordered by the court shall file with the court a plan for the exercise of shared parenting by both parents. * * *
R.C. 3109.04(J) states:
As used in the Revised Code, "shared parenting" means that the parents share, in the manner set forth in the plan for shared parenting that is approved by the court under division (D)(1) and described in division (K)(6) of this section, all or some of the aspects of physical and legal care of their children.
 {¶ 21} Here, relator argues that under R.C. 3109.04, respondent had no authority to order him to file a shared parenting plan. Relator also argues that mandamus is appropriate because an appeal from a final judgment of the domestic relations court will be rendered inadequate by the absence of a record showing that respondent ordered relator to file a shared parenting plan.
 {¶ 22} However, even if it can be argued that respondent had no authority to order relator to file a shared parenting plan under R.C. 3109.04, it is clear from the complaint that relator does have a plain and adequate remedy at law to correct the alleged abuse of discretion.
 {¶ 23} To begin, R.C. 3109.04 does not create for relator a clear legal right that the domestic relations court entered judgment based upon the agreement of the parties in the absence of the court's own determination that the agreement is in the best interest of the child. Thus, contrary to what seems to be suggested by the relief relator requests in this action, this court does not sit in mandamus as a domestic relations court with authority to determine the best interest of the child.
 {¶ 24} Moreover, the complaint fails to allege any set of facts indicating that an appeal to this court from a final judgment of the domestic relations court would be inadequate to correct the alleged abuse of discretion.
 {¶ 25} As respondent correctly points out, App.R. 9(C) provides a remedy to an appellant when there is no transcript available. App.R. 9(C) states:
Statement of the evidence or proceedings when no report wasmade or when the transcript is unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
(Emphasis sic.)
 {¶ 26} Relator's reliance upon Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112, is misplaced. In AssociatedEstates, the court indicated that mandamus may be appropriate when the appellate court must resolve disputes about the trial court's record. However, the Associated Estates case was an appeal, not a mandamus action.
 {¶ 27} Here, we do not have an App.R. 9(C) dispute alleged in the complaint. Thus, the Associated Estates case is inapplicable here.
 {¶ 28} Accordingly, for allthe above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss.