DECISION
IN MANDAMUS ON MOTION TO DISMISS
 {¶ 1} Relator, Don L. McDonald, Jr., has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Cynthia Davis, Unit Manager Administrator of the J-1 housing unit at the Southern Ohio Correctional Facility, to "walk the ranges and speak to inmates in J-1 housing unit 1 time a week as mandated by *Page 2 
D.R.C. policy." Respondent subsequently filed a motion to dismiss pursuant to Civ.R. 12(B)(6).
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On February 22, 2007, the magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant respondent's motion to dismiss relator's petition on the basis that relator had failed to comply with the requirements of R.C. 2969.25. (Attached as Appendix A.) No objections have been filed to that decision.
 {¶ 3} Based upon an examination of the magistrate's decision, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion and hereby dismiss this action.
Motion to dismiss granted; action dismissed.
 BRYANT and McGRATH, JJ., concur. *Page 3 
APPENDIX A
 {¶ 4} Relator, Don L. McDonald, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Cynthia Davis, Unit Manager Administrator of the J-1 housing unit at the Southern Ohio Correctional Facility ("SOCF") *Page 4 
to "walk the ranges and speak to inmates in J-1 housing unit 1 time a week as mandated by D.R.C. Policy."
Findings of Fact: {¶ 5} 1. Relator is an inmate currently incarcerated at SOCF.
 {¶ 6} 2. On December 28, 2006, relator filed a compliant in this court seeking a writ of mandamus against respondent.
 {¶ 7} 3. Relator did not pay filing fees nor did he seek a waiver of the prepayment of the full filing fees along with his affidavit of indigency. Further, relator did not provide a list of all civil actions or appeals filed in the previous five years.
 {¶ 8} 4. Respondent has filed a motion to dismiss.
 {¶ 9} 5. Relator has not filed a response to respondent's motion.
 {¶ 10} 6. The matter is currently before the magistrate on respondent's motion to dismiss.
Conclusions of Law: {¶ 11} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 12} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is *Page 5 
not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v. Springfield Local SchoolDist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, respondent's motion should be granted and relator's complaint should be dismiss.
 {¶ 13} Relator has not paid the filing fees, nor has he fulfilled the requirements in R.C. 2969.25 by seeking to pay those fees in installments from his inmate account. In addition, relator has not complied with other requirements of R.C. 2969.25.
 {¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit.
 {¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22
distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in *Page 6 
his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} In the present action, relator has not filed the required affidavit regarding his other civil actions, if any. In addition, relator has not filed an affidavit of indigency that includes the required information and, thus, he cannot qualify for the payment of fees in installments from his prison account. Therefore, dismissal of the complaint is warranted.
 {¶ 18} Based upon the foregoing, the magistrate concludes that this court should grant respondent's motion and dismiss relator's complaint.
/s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid. *Page 1