DECISION
{¶ 1} Relator, Oliver Madison, filed an original action requesting this court to issue a writ of mandamus ordering respondent, Judge John Connor of the Franklin County Court of Common Pleas, to examine a DVD recording of a polygraph test administered to him as part of a criminal investigation. *Page 2 
 {¶ 2} We referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No objections to the magistrate's decision have been filed.
 {¶ 3} Having conducted an independent review of the evidence in this matter, and finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, respondent's motion to dismiss is granted and this action is dismissed.
Motion to dismiss granted, action dismissed.
 KLATT and TYACK, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on September 29, 2008 IN MANDAMUS ON MOTION TO DISMISS {¶ 4} Relator, Oliver Madison, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Judge John Connor of the Franklin County Court of Common Pleas, to examine a DVD recording of a polygraph test administered to him as part of a criminal investigation. *Page 4 
Findings of Fact: {¶ 5} 1. Relator is an inmate currently incarcerated at the Noble Correctional Institution. Apparently, in his underlying criminal case, relator's trial counsel had filed a motion in limine wherein it was argued that the stipulated results of the polygraph test should not be submitted to the jury.
 {¶ 6} 2. Relator argues that Judge Connor failed to carry out his duty to review the DVD and rule on his motion in limine.
 {¶ 7} 3. Relator also appears to assert that he had ineffective assistance of counsel during his criminal trial.
 {¶ 8} 4. On August 22, 2008, respondent filed a motion to dismiss on grounds that relator has no right to the requested relief, respondent is under no corresponding duty, and relator has an adequate remedy at law.
 {¶ 9} 5. On September 8, 2008, relator filed a memorandum in response to the motion to dismiss.
 {¶ 10} 6. The matter is currently before the magistrate.
Conclusions of Law: {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 12} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator *Page 5 
can prove no set of facts entitling him to recovery. O'Brien v.University Community Tenants Union (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ. R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State exrel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94. For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.
 {¶ 13} For the reasons that follow, it is this magistrate's decision that respondent's motion to dismiss should be granted.
 {¶ 14} In his memorandum in response, relator admits that "the issue at hand was raised on direct appeal, but was not made assingment [sic] of error[.] * * * I Oliver Madison did ask my appeal attorney to make this assignment o[f] error and went as far as to amend my appeals attorney brief when I wrote him." Relator also indicates: "When my direct appeal was denied[,] I did a 26 B motion to reopen my direct appeal which is dated Sept[.] 4, 2007. I stated in this motion to reopen that my appeals attorney was ineffective for not raising this issue as assignment of error. I was denied that appeal as well."
 {¶ 15} Relator appears to indicate that Judge Connor was required to review the DVD and he failed to do so. As such, relator argues that Judge Connor was under a clear legal duty to view the DVD. Although relator admits that this issue could have been raised in his direct appeal and that it was raised inferentially therein, as well as in *Page 6 
his Civ. R. 26(B) motion, relator contends that a writ of mandamus is still appropriate to compel Judge Connor to do what relator believes he was required to do.
 {¶ 16} Respondent argues that relator had an adequate remedy at law and the issues which he attempts to raise in this mandamus action should have been and arguably, to a certain extent, were raised in an appeal. Further, even if this court were to grant relator a writ of mandamus and order Judge Connor to view the DVD, that action would not affect his convictions. Clearly, the issue properly belongs in an appeal as relator has not identified any clear legal right which he is owed, nor a corresponding duty on the part of Judge Connor at this time, and relator has an adequate remedy of law by way of appeal.
 {¶ 17} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that he is entitled to a writ of mandamus and respondent's motion to dismiss should be granted. *Page 1