[Cite as *State ex rel. T.W. v. Reed*, 2016-Ohio-1407.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [T.W.] a minor child, | : | |
| Relator, | : | |
| v. | : | No. 15AP-788 |
| Harvey Reed, Director Ohio Department of Youth Services, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 31, 2016

*Timothy Young,* Ohio Public Defender*,* and *Charlyn E. Bohland,* for relator.

*Michael DeWine*, Attorney General, and *William D. Maynard,* for respondent.

IN MANDAMUS

TYACK, J.

{¶ 1} Relator, T.W., a minor, filed a petition for a writ of mandamus with this court to require respondent, Harvey Reed, director Ohio Department of Youth Services ("ODYS"), to follow R.C. 2152.18(B) and reduce T.W.'s minimum period of institutionalization by 301 days.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. Respondent subsequently filed a motion to dismiss. After the matter was briefed, a magistrate of this court issued a decision, appended hereto, that recommended we grant respondent's motion to dismiss because relator's request for writ of mandamus is moot. For the following reasons, we adopt the magistrate's decision.

{¶ 3} Initially, following an independent review of this matter, we find the magistrate has properly determined the pertinent facts. We adopt the magistrate's findings of fact which are summarized as follows: On October 15, 2014, relator appeared in the Hamilton County Juvenile Court. The court exercised its continuing jurisdiction and a previously suspended 18-month sentence to ODYS was invoked. The court sentenced relator to a minimum of 6 months, with a maximum not to exceed his 21st birthday, for the underlying offense of aggravated assault and an additional period of 12 months for a firearm specification.

{¶ 4} Relator was transferred to ODYS which, after applying days of credit to his sentence, determined that the minimum sentence expiration date ("MSED") was October 21, 2015. ODYS applied the 301 days of credit to relator's indefinite term consisting of a minimum period of 6 months and a maximum period not to exceed his 21st birthday. Relator contends however, that his MSED actually was on June 25, 2015. Relator filed a complaint for a writ of mandamus on August 19, 2015, arguing that, pursuant to R.C. 2152.18(B), 301 days of credit should be applied to 18 months of his minimum sentence which would reduce the time served for the firearm specification.

{¶ 5} On October 5, 2015, respondent filed a motion to dismiss asserting that relator has a plain and adequate remedy in the ordinary course of law by filing a declaratory judgment action. Relator filed a memorandum in opposition, arguing that a declaratory judgment would not provide a beneficial or speedy remedy and that he has a clear legal right to have the 301 days of credit applied to the 6-month minimum sentence as well as the 12-month firearm specification sentence.

{¶ 6} The magistrate's decision concluded that after reviewing the complaint for a writ of mandamus there is no claim upon which relief can be granted. The magistrate found relator cannot prove a set of facts entitling him to relief. Quite simply, the minimum sentencing end date has passed. The MSED of June 25, 2015 to which relator believed he was entitled to, has passed, as well as the MSED of October 21, 2015, the date documented by ODYS. The magistrate found relator's request moot and concluded the request for a writ of mandamus should be denied.

{¶ 7} As provided by Civ.R. 53(D)(4)(c), applicable to this court by Loc.R. 13(M)(1), if no timely objections are filed, the court may adopt a magistrate's decision if it

determines that there is no error of law or other defect evident on the face of the magistrates decision. No objection has been filed to the magistrate's decision.

{¶ 8} In order for a writ of mandamus to issue, a relator must demonstrate: (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator had no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 9} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In construing the complaint, the material allegations of the complaint are taken as admitted. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). All reasonable inferences must also be drawn in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In order for the court to dismiss the complaint, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 10} The magistrate concluded there is no relief which this court can provide to relator. Not only has the MSED of June 25, 2015, to which relator believes he was entitled, passed, but also has the MSED of October 21, 2015, the date documented by ODYS. Relator's request is moot.

{¶ 11} We find the magistrate has properly determined the pertinent facts and applied the appropriate law. There is no error or other defect on the face of the decision. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondent's motion to dismiss and deny relator's request for a writ of mandamus.

*Motion to dismiss granted;*
*writ of mandamus denied.*

BROWN and KLATT, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. T. W. (Minor), | : | |
| Relator, | : | |
| v. | : | No. 15AP-788 |
| Harvey Reed, Director Ohio Department of Youth Services, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 22, 2015

*Timothy Young, Public Defender,* and *Charlyn Bohland,*  for relator.

*Michael DeWine,* Attorney General, and *William D. Maynard,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, [T.W.], has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Harvey Reed, as Director of the Ohio Department of Youth Services ("ODYS"), to apply the total number of days he was confined and reduce his minimum period of institutionalization. Specifically, relator wants ODYS to reduce the mandatory term he is serving pursuant to a firearm specification.

Findings of Fact:

{¶ 13} 1. On October 15, 2014, relator, who is a minor, appeared with counsel in front of Hamilton County Juvenile Court Judge John M. Williams. At that time, the court invoked its continuing jurisdiction and relator had a suspended 18-month ODYS commitment sentenced invoked.

{¶ 14} 2. The court sentenced relator as follows:

> Commit to the legal custody of the Ohio Department of Youth Services for the purpose of institutionalization in a secure facility for an indefinite term consisting of a minimum period of 6 months and a maximum period not to exceed the juvenile's attainment of the age of twenty-one years. Cincinnati Public School District to bear the costs of education. Such determination is subject to re-determination by the department of education pursuant to ORC 2151.362. All in accordance with the accompanying entry of this date, incorporated herein by reference. It is further ordered that the juvenile be committed for an additional period of 12 months in relation to the specification(s) found. This period of commitment shall be in addition to and shall be served consecutively with and prior to other periods of commitment set out in this entry, but shall not exceed the juvenile's attainment of twenty-one years.

{¶ 15} 3. Relator arrived at ODYS on October 21, 2014.

{¶ 16} 4. ODYS documentation indicates that relator was credited with 301 days of confinement.

{¶ 17} 5. After applying the 301 days of credit to his sentence, ODYS determined that relator's minimum sentence expiration date ("MSED") was October 21, 2015.

{¶ 18} 6. Relator contends, however, that his MSED actually occurred on June 25, 2015, several months before he arrived at ODYS.

{¶ 19} 7. Relator asserts that, when the court sentenced him to serve a minimum period of 6 months and a maximum period not to exceed his 21st birthday plus an additional period of 12 months in relation to the firearm specification, he is actually serving an indefinite term consisting of 18 months and a maximum period not to exceed his 21st birthday. As such, relator contends that the 301 days of credit should be applied

to the 18 months (which reduces the time he would serve for the 12-month firearm specification) thereby resulting in an MSED of June 25, 2015.[1]

{¶ 20} 8. ODYS applied the 301 days of credit to relator's indefinite term consisting of a minimum period of 6 months and a maximum period not to exceed relator's 21st birthday. ODYS asserts that this term and the reduction thereto only begin after relator serves the mandatory 12 months for the firearm specification.

{¶ 21} 9. On October 5, 2015, respondent filed a motion to dismiss asserting that relator has a plain and adequate remedy in the ordinary course of law by filing a declaratory judgment action.

{¶ 22} 10. Relator has filed a memorandum in opposition asserting that a declaratory judgment would not provide a beneficial or speedy remedy and that he has demonstrated that he has a clear legal right to have the 301 days credited towards both the indefinite 6-month term as well as the mandatory 12-month term for the firearm specification, that respondent has a clear legal duty to apply the credit in that way, and that he does not have a plain and adequate remedy in the ordinary course of law.

{¶ 23} 11. Respondent has filed a reply brief in response.

{¶ 24} 12. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 25} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss.

{¶ 26} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 27} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator

---

[1] Unfortunately, this motion to dismiss became ripe for review while this magistrate was on disability leave following surgery and the magistrate recognizes that, not only has June 25, 2015, the date which relator believes should be his MSED, arrived but also October 21, 2015, the date that ODYS indicates that his MSED actually occurred.

can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 28} There is no relief which this court can provide relator because, not only has the MSED of June 25, 2015 to which he believes he was entitled passed, but also the MSED of October 21, 2015, the date documented by ODYS. Relator's request is moot.[2] As such, this court should grant respondent's motion and dismiss this case.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

---

[2] In case No. 15AP-795, the magistrate has issued a decision recommending that this court deny the relator's request for a writ of mandamus finding that the statute does not specifically address the issue raised by relator and, as such, the magistrate found that respondent did not abuse its discretion when it applied the days of credit in the manner in which it did.