[Cite as *State ex rel. Hillman v. Blunt*, 2018-Ohio-3686.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel. Robert L. Hillman,     :

        Relator,                  :

v.                                :             No. 17AP-793

Franklin County Common Pleas Judge     :         (REGULAR CALENDAR)
Laurel Beatty Blunt,

                              :

        Respondent.

                              :

D E C I S I O N

Rendered on September 13, 2018

*Robert L. Hillman,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Amy L. Hiers,* for
respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

HORTON, J.

{¶ 1} Relator, Robert L. Hillman, filed a complaint seeking a writ of procedendo ordering respondent, the Honorable Laurel Beatty Blunt of the Franklin County Court of Common Pleas, to rule a on motion filed in that court on June 9, 2017. Respondent filed a motion for leave to file a motion to dismiss instanter and an accompanying motion to dismiss, citing an April 11, 2018 entry ruling on relator's motion.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate has rendered a decision and recommendation that includes findings of fact and conclusions of law, which is appended to this decision. Because respondent ruled on the motion in the Franklin County Court of

Common Pleas, the magistrate concluded that the matter that prompted relator to file his complaint is now moot. Thus, the magistrate recommends sustaining respondent's motion to dismiss and dismissing relator's complaint.

{¶ 3} No party has filed objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Finding no error of law or defect in the magistrate's decision, we adopt it in its entirety. Accordingly, respondent's motions are sustained and relator's complaint is dismissed.

*Motions sustained; complaint dismissed.*

TYACK and DORRIAN, JJ., concur.

—————————————

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Robert L. Hillman, | : | |
| Relator, | : | |
| v. | : | No. 17AP-793 |
| Franklin County Common Pleas Judge Laurel Beatty Blunt, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on June 7, 2018

*Robert L. Hillman,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Amy L. Hiers,* for respondent.

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}   Relator, Robert L. Hillman, has filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Laurel Beatty Blunt, judge of the Franklin County Court of Common Pleas, to rule on his June 9, 2017 motion.

Findings of Fact:

{¶ 5}   1. Relator is an inmate currently incarcerated at Chillicothe Correctional Institution.

{¶ 6}   2. On November 13, 2017, relator filed this procedendo action.

{¶ 7}   3. On April 16, 2018, respondent sought leave to file a motion to dismiss instanter, which was granted.

{¶ 8}   4. Attached to respondent's motion to dismiss is the trial court's entry denying relator's motion filed June 9, 2017. That entry was filed in the common pleas court on April 11, 2018.

{¶ 9}   5. On April 23, 2018, relator filed a memorandum in opposition asserting that the trial court judge lied in the entry.

{¶ 10} 6. The matter is currently before the magistrate on respondent's motion to dismiss and relator's memorandum contra.

Conclusions of Law:

{¶ 11} For the reasons that follow, it is this magistrate's decision this court should grant respondent's motion and dismiss relator's procedendo action.

{¶ 12} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 13} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 14} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 15} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 16} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 17} While courts generally only consider content in the pleadings when considering a motion to dismiss, courts can take judicial notice of appropriate matters when determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment.

{¶ 18} In the present case, respondent has included the entry of the trial court denying relator's June 9, 2017 motion. As such, regardless of the fact that relator asserts the trial court judge is lying, respondent has now performed the act which relator sought to compel by filing this procedendo action and the matter is now moot. It is this magistrate's decision that this court should grant respondent's motion and dismiss relator's case. However, inasmuch as respondent did not rule on relator's motion until after the filing of this procedendo action, it is this magistrate's decision that court costs should be waived.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).