[Cite as *State ex rel. Arnold v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-892.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jason Arnold, | : | |
| Relator, | : | |
| | | No. 19AP-376 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 10, 2020

*Jason Arnold*, pro se.

*Dave Yost*, Attorney General, and *George Horvath*, for respondents.

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1} Relator, Jason Arnold, has filed this original action requesting this court issue a writ of mandamus ordering respondents Ohio Department of Rehabilitation and Correction and the Bureau of Sentence Computation, to provide him with five days of earned credit toward his sentence for each month in which he has participated in approved prison programs pursuant to R.C. 2967.193 and Ohio Adm.Code 5120-2-06.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus.

{¶ 3}    No objections have been filed to the magistrate's decision.

{¶ 4}    We have found no error of law or other defect on the face of the magistrate's decision.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein. In accordance with the magistrate's decision, we grant respondents' motion for summary judgment, find moot respondents' motion to dismiss, and deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

SADLER, P.J., and KLATT, J., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jason Arnold, | : | |
| Relator, | : | |
| v. | : | No. 19AP-376 |
| Ohio Department of Rehabilitation and Correction et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 30, 2019

*Jason Arnold,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondents.

IN MANDAMUS
ON RESPONDENTS' MOTIONS

{¶ 5}   Relator, Jason Arnold, has filed this original action requesting this court issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction ("ODRC") and the Bureau of Sentence Computation ("BOSC"), to provide him with five days of earned credit towards his sentence for each month that he has participated in approved prison programs pursuant to R.C. 2967.193 and Ohio Adm.Code 5120-2-06.

Findings of Fact:

{¶ 6}   1. Relator is an inmate currently incarcerated at Lebanon Correctional Institution.

{¶ 7}   2. Relator is incarcerated after entering pleas of guilty in two separate cases in the Muskingum County, Ohio Court of Common Pleas.  In Muskingum C.P. No. CR2017-0420, relator was found guilty of having a weapon under disability, in violation of R.C. 2923.13(A)(3), carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), and possession of drugs (marijuana) in violation of R.C. 2925.11(A).  He was sentenced to serve 36 months on Count 1 and 12 months on Count 2 to be served concurrently.  Inasmuch as relator was currently on post-release control in another criminal case, the trial court ordered that he serve that mandatory one-year sentence prior to beginning to serve the above 36-month sentence.

{¶ 8}   Relator was also found guilty in Muskingum C.P. No. CR 2018-0107 on one count of possession of drugs (cocaine), in violation of R.C. 2925.11(A) and tampering with evidence, in violation of R.C. 2921.12(A)(1).  The trial court sentenced him to serve 11 months on Count 1 and 30 months on Count 2.  Those terms were to be served concurrently for an aggregate prison term of 30 months and ordered to be served concurrently with the sentence imposed in C.P. No. CR 2017-0420.

{¶ 9}   3. According to the affidavit of Gregory, an employee of ODRC, relator received 173 days credit as ordered by the trial court as well as 96 days of credit for participation in various institutional programming.

{¶ 10} 4. Relator inquired about his sentence and argued that his number of days of credit for participation in institutional programming had not been properly calculated.

{¶ 11} 5. In a letter dated June 21, 2019, Charlene Gregory sent relator the following response:

> Per your request, I have reviewed the sentence computation of the above-named inmate and can provide the following information.
>
> Arnold was admitted on 04/27/2018 under inmate number A743861. On Muskingum County case CR20170420 he was sentenced to serve 3 years on count 1, Weapons Under Disability 2923.13 F3 concurrent with 1 year on count 2,

Carrying a Concealed Weapon 2923.12 F4. He was also sentenced to a 1 year Post Release Control sentence 2929.141 to be served consecutively with the three year prison sentence on this case. On Muskingum County case CR20180107 he was sentenced to serve 11 months on count 1, Possession of Cocaine 2925.11 F5 and 30 months on count 4, Tampering With Evidence 2921.12 F3. He was granted jail credit in both cases from 11/05/2017 until his admission date, which totaled 173 days.

He began serving on his Post Release Control Sentence upon admission to prison and the expiration of said term was calculated as one year from the date of admission, or 04/26/2019. He was eligible for earned participation credit after the completion of this term. His felony sentence was then calculated starting the day after the Post Release Control Sentence expired as 3 years with 173 days of jail credit.

He has earned 90 days of credit under HB49 for completion of eligible programming. This was applied on 05/10/2019. He has also earned one day of participation credit under HB86 for the month of May 2019, and 5 days of bonus credit for participation in two qualifying programs, also applied for the month of May 2019. With all earned credit, his current expiration of stated term is 07/30/2021.

I trust you find this information helpful. If you need anything further, please feel free to contact me via e-mail or at the address stated below.

{¶ 12} 6. As can be seen from the above letter, relator was given 90 days of credit for completion of eligible programming as well as an additional 6 days of credit for participation in certain programming.

{¶ 13} 7. In this mandamus action, relator argues that respondents were required to grant him 5 days of credit for each of the 3 programs which he completed. As such, relator contends that he should have been granted 15 days of credit instead of the 6 days of credit he was given. Relator contends that R.C. 2967.193and Ohio Adm.Code 5120-2-06 require that he be given 5 days of credit per program.

{¶ 14} 8. Respondents have filed motions to dismiss and for summary judgment arguing in part that relator already raised this issue in another case he filed in this court in case No. 19AP-183 and also that relator has not demonstrated that he is entitled to a

writ of mandamus.

{¶ 15} 9.   Relator has filed responses and the matter is currently before the magistrate for review.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is this magistrate's decision that relator cannot demonstrate that he is entitled to a writ of mandamus and this court should grant respondents' motion and dismiss relator's mandamus action.

{¶ 17} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 18} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.  *Id.*

{¶ 19} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery.  *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975).  As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief.  *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995).  For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 20} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion.  To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact.

*Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 21} Relator contends that R.C. 2967.193and Ohio Adm.Code 5120-2-06 mandate that respondents provide him with five days of credit for each program he completed.

{¶ 22} R.C. 2967.193 provides, in pertinent part:

> (A)
>
> (1) Except as provided in division (C) of this section and subject to the maximum aggregate total specified in division (A)(3) of this section, a person confined in a state correctional institution or placed in the substance use disorder treatment program *may provisionally earn one day or five days of credit,* based on the category set forth in division (D)(1), (2), (3), (4), or (5) of this section in which the person is included, *toward satisfaction of the person's stated prison term*, as described in division (F) of this section, *for each completed month during which the person, if confined in a state correctional institution, productively participates in an education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the department with specific standards for performance by prisoners or during which the person, if placed in the substance use disorder treatment program, productively participates in the program.*
>
> * * *
>
> (2) Unless a person is serving a mandatory prison term or a prison term for an offense of violence or a sexually oriented offense, and notwithstanding the maximum aggregate total specified in division (A)(3) of this section, *a person who successfully completes any of the following shall earn ninety days of credit toward satisfaction of the person's stated prison term or a ten per cent reduction of the person's stated prison term, whichever is less*:

(a) An Ohio high school diploma or Ohio certificate of high school equivalence certified by the Ohio central school system;

(b) A therapeutic drug community program;

(c) All three phases of the department of rehabilitation and correction's intensive outpatient drug treatment program;

(d) A career technical vocational school program;

(e) A college certification program;

(f) The criteria for a certificate of achievement and employability as specified in division (A) (1) of section 2961.22 of the Revised Code.

(3) Except for persons described in division (A)(2) of this section, the aggregate days of credit provisionally earned by a person for program or activity participation and program and activity completion under this section and the aggregate days of credit finally credited to a person under this section shall not exceed eight per cent of the total number of days in the person's stated prison term.

(B) *The department of rehabilitation and correction shall adopt rules that specify the programs or activities for which credit may be earned under this section, the criteria for determining productive participation in, or completion of, the programs or activities and the criteria for awarding credit, including criteria for awarding additional credit for successful program or activity completion, and the criteria for denying or withdrawing previously provisionally earned credit as a result of a violation of prison rules, or program or department rules, whichever is applicable.*

(Emphasis added.)

{¶ 23} Ohio Adm.Code 5120-2-06 mirrors R.C. 2967.193 and specifically identifies the types of programs which qualify for days of earned credit and explains the inmate's responsibilities with regard to the completion of those programs.

{¶ 24} Upon review of R.C. 2967.193, it is apparent that under (A)(2), respondents have provided relator with 90 days of credit towards the satisfaction of his prison term as is indicated in the affidavit of Gregory. Furthermore, a plain reading of

the statute indicates that the determination of the number of days of credit which an inmate may earn is discretionary and not mandatory. Specifically, the statute provides in every paragraph that upon successful completion of a program the inmate "may" be awarded one day of credit or "may" be awarded five days of credit. A review of Ohio Adm.Code 5120-2-06 corresponds with the revised code provisions. As such, it is clear that respondents have discretion concerning the number of days of credit which an inmate will receive upon completion of programming.

{¶ 25} In the present case, relator earned one credit for completion of a specific program and five bonus credits for the completion of two additional programs. As such, it appears that relator earned one credit for one program and two and one-half credits for each of two programs he completed. Everything points to the fact that respondents exercised their discretion to determine the number of days of credit which relator would receive upon successful completion of certain institutional programming and relator cannot demonstrate that the respondents abused their discretion when they made this determination.

{¶ 26} Respondent argues that the doctrine of res judicata applies here and that, inasmuch as relator raised this issue in case No. 19AP-183, the magistrate should simply dismiss this action as a result. However, in relator's complaint in case No. 19AP-183, he does mention as an issue the number of days of credit which he was awarded for the completion of institutional programming tangentially near the end of his complaint and, as such, the magistrate finds that res judicata does not necessarily apply to an argument raised in this manner.

{¶ 27} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that respondents abused their discretion when they awarded him six days of earned credit for the successful completion of three separate institutional programs and relator is not entitled to a writ of mandamus. This court should find in favor of respondents, grant respondents' motion for summary judgment, and deny the motion to dismiss as moot.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).