[Cite as *State ex rel. Curtis v. Phipps*, 2020-Ohio-5025.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jamel D. Curtis, | : | |
| Relator, | : | |
| | | No. 19AP-387 |
| v. | : | |
| The Honorable Karen Held Phipps, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on October 22, 2020

**On brief:** *Jamel D. Curtis*, pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.*, for respondent.

IN MANDAMUS
ON RELATOR'S OBJECTIONS TO MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Jamel D. Curtis, pro se, an inmate of the Northeast Ohio Correctional Institution, filed this original action for a writ of mandamus seeking an order that respondent, the Honorable Karen Held Phipps, a judge of the Franklin County Court of Common Pleas, provide him with a final appealable order in his underlying criminal case, Franklin C.P. No. 04CR-1576, to reflect statutorily mandated post-release control as to certain offenses of which he had been convicted. Having referred Curtis' complaint to a magistrate of this Court under Civ.R. 53, we adopt the magistrate's decision granting respondent's motion to dismiss, denying Curtis' motion for judgment on the pleadings, and denying the requested writ.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}   In 2004, the Franklin County Grand Jury indicted Curtis on eight felony counts in Franklin C.P. No. 04CR-1576. In June 2005, the case was tried to a jury which returned verdicts finding Curtis guilty of aggravated murder with a firearm specification (Count 7), two counts of lesser-included offenses of murder with a firearm specification (Counts 1 and 2), two counts of aggravated robbery with a firearm specification (Counts 4 and 8), and one count of kidnapping (Count 5).  The jury returned verdicts finding Curtis not guilty on Counts 3 and 6 of the indictment.  Following a hearing on mitigating factors, the jury returned a verdict that the aggravated circumstances did not outweigh the mitigating factors beyond a reasonable doubt as to Count 7.

{¶ 3}   On June 28, 2005, the trial court conducted a sentencing hearing pursuant to R.C. 2929.19 and imposed the following sentence on Curtis:

> LIFE WITHOUT PAROLE as to Count Seven with an additional Three (3) years for the use of a firearm; Fifteen (15) years to LIFE as to Counts One and Two, these counts merge for sentencing purposes, with an additional Three (3) years for the use of a firearm; Ten (10) years as to Count Four with an additional Three (3) years for the use of a firearm, Ten (10) years as to Count Five with an additional Three (3) years for the use of a firearm and Ten (10) years as to Count Eight with an additional Three (3) years for the use of a firearm at the Ohio Department of Rehabilitation and Correction. All counts are to run consecutive with each other as well as the firearm specs for Counts [sic] One and Count Seven. All other firearm specs merge with the others.

(Ex. B at 2, attached to June 18, 2019 Compl.)  The sentencing entry was journalized on July 1, 2005.

{¶ 4}   The record of the underlying case contains a notice of post-release control that was signed by Curtis and his trial counsel on June 28, 2005, the day of Curtis' sentencing hearing, and entered on the trial court's records on July 1, 2005.  Pre-printed at the bottom of the notice Curtis and his counsel signed is a note indicating that defendants convicted of a first-degree felony or felony sex offense are subject to a mandatory five years of post-release control.

{¶ 5}   Curtis timely appealed from the judgment in the underlying criminal case, and this Court upheld the trial court's judgment.  *See State v. Curtis*, 10th Dist. No. 05AP-

795, 2006-Ohio-4230.  Curtis subsequently filed a pro se application to reopen his appeal, but this Court rejected his alleged errors.  *See State v. Curtis*, 10th Dist. No. 05AP-795 (Jan. 30, 2007) (memorandum decision).

{¶ 6}  Curtis filed this complaint in mandamus on June 18, 2019, alleging that the original sentencing entry in the underlying criminal case was not a final appealable order because it did not contain any provision for post-release control as to the specified felony offenses of which he had been convicted. Curtis asserts that he is entitled to a limited resentencing pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, R.C. 2505.02 and 2929.191(C).  Curtis further asserts that, because there is no final appealable order in the underlying case, his previous direct appeal was a nullity over which this Court had no jurisdiction.  He argues, therefore, that he is entitled to a new sentencing hearing and, after a new sentencing entry is generated and journalized, a new direct appeal.

{¶ 7}  This Court referred Curtis' complaint to a magistrate according to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  On July 18, 2019, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failing to state a proper claim. On August 1, 2019, Curtis filed an answer to respondent's motion to dismiss and, on September 6, 2019, filed a motion for judgment on the pleadings under Civ.R. 12(C).  On September 18, 2019, respondent filed a memorandum opposing Curtis' motion for judgment on the pleadings, to which Curtis responded by filing an answer on October 8, 2019.

{¶ 8}  On November 20, 2019, the magistrate issued a decision, appended hereto, including findings of fact and conclusions of law.  The magistrate's decision sets forth a discussion of the law governing actions in mandamus and her conclusion that Curtis is not entitled to the requested writ as a matter of law.  The magistrate next discusses the law relating to a motion to dismiss under Civ.R. 12(B)(6) and a motion for judgment on the pleadings.  The magistrate concluded that Curtis was not entitled to judgment on the pleadings because respondent, having filed a motion to dismiss under Civ.R. 12(B)(6), was not required to file an answer.  The magistrate recommends that this Court deny Curtis' motion for judgment on the pleadings, grant respondent's motion to dismiss, and deny Curtis' request for a writ of mandamus.

{¶ 9}  Curtis filed objections to the magistrate's decision on December 9, 2019.  On December 17, 2019, Curtis filed a "Judicial Notice of Adjudicative Facts Pursuant to Evid.R. 201," attaching thereto what purports to be a copy of the true bill of indictment in Franklin C.P. No. 04CR-1576.

## II. OBJECTIONS

{¶ 10}  Curtis appears to present two objections to the magistrate's decision. Under the heading "OBJECTION TO FACTUAL FINDING," Curtis objects to the magistrate's second finding of fact, in which the magistrate describes the guilty verdicts the jury returned in the underlying case and the sentence imposed as to each of those findings of guilt.[1]

{¶ 11}  Under the heading "OBJECTION TO CONCLUSIONS OF LAW," Curtis objects to the following statement contained in the magistrate's decision:

> As a factual matter, while [Curtis] might be entitled to a writ of Mandamus asking the trial court to correct the sentencing entry, the trial court's decision and entry finding [Curtis] guilty and sentencing him is a final appealable order, and [Curtis] exercised his right to appeal from that order.

(Objs. at 2, quoting App'x at ¶ 38.)

## III.  LAW AND DISCUSSION

{¶ 12}  To be entitled to relief in mandamus, a relator must demonstrate (1) a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the acts requested, and (3) relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983); *PBP, Inc. v. Ohio Dept. of Jobs & Family Servs.*, 10th Dist. No. 13AP-36, 2013-Ohio-4344.  "Mandamus is an

---

[1] Curtis quotes Finding of Fact 2 of the magistrate's decision:

> The trial court sentenced relator to life without parole as to the aggravated murder count with an additional 3 years for use of a firearm, 15 years to life as to the murder convictions (which merged for sentencing purposes) with an additional 3 years for the use of a firearm, 10 years as to the kidnapping conviction with an additional 3 years for use of a firearm, and 10 years for each of the aggravated robbery convictions with an additional 3 years for the use of a firearm.

(App'x at ¶ 23.)

extraordinary remedy which is to be exercised with caution and issued only when the right is clear." *Id.* at ¶ 13.

### A. Objection to Magistrate's Second Finding of Fact

{¶ 13} Curtis' first objection is not well-taken. His objection merely takes issue with the magistrate's word choice in her summary of the guilt and sentencing phases of the trial in the underlying case. He does not demonstrate that the magistrate's summation of the guilty verdicts or the sentencing entry is factually incorrect or materially defective. Curtis' first objection is overruled.

### B. Objection to Magistrate's Conclusion of Law

{¶ 14} We construe Curtis to have raised a second objection in arguing that the magistrate erred in concluding that the trial court's decision and sentencing entry in the underlying criminal case was a final appealable order that he already had appealed. He asserts that the sentencing entry contained numerous flaws that rendered it void, including the absence of any notice of post-release control on the first-degree felonies for which he was convicted. Curtis relies on the Supreme Court of Ohio's holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, for the proposition that a sentence is void when a proper pronouncement of post-release control is absent. We note that Curtis received a sentence of life without the possibility of parole for which no period of post-release control would be applicable, even though the plea form he signed mentioned post-release control. Regardless, since he raised it, we address it.

{¶ 15} Respondent contends that Curtis' mandamus action is a collateral attack on his criminal conviction, fails to state a claim in mandamus, and is barred by res judicata. Respondent argues that Curtis had a plain and adequate remedy in the ordinary course of the law in the form of the appellate process, and the fact that Curtis' appeals were unsuccessful does not entitle him to collaterally attack his conviction through this mandamus action.

{¶ 16} The magistrate was not persuaded by Curtis' argument that there was no final appealable order and thus no jurisdiction for this Court to have heard Curtis' previous appellate actions. The magistrate relied on a variety of case authority to support her legal conclusions. However, since the time the magistrate issued her decision, the Supreme Court has clarified the legal issues involving void and voidable sentences relating to the

imposition of post-release control in *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, issued May 14, 2020. *Harper* applies to Curtis' case.

{¶ 17} In *Harper*, the Supreme Court overruled[2] prior legal precedent that otherwise characterized as void or voidable when a trial court did not properly impose post-release control in a felony criminal sentence, while not disturbing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1, standing for the proposition that:

> [T]o validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*See Harper* at ¶ 1 ("In *State v. Grimes*, we held that a trial court does not properly impose postrelease control if the sentencing entry does not notify the offender that any violation of the conditions of postrelease control will subject the offender to the consequences for a

---

[2] As quoted:

> Today, we realign our precedent in cases involving the imposition of postrelease control with the traditional understanding of what constitutes a void judgment. When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal. * * * Therefore, to the extent any prior case conflicts with our holding today, it is overruled.
>
> * * *
>
> Our void-sentence jurisprudence has resulted in seemingly endless litigation asking us to determine which sentencing errors must be raised on direct appeal and which may be raised at any time. And we have not managed to contain it to "a discrete vein of cases." It is therefore time for this court to reevaluate the basic premise of our void-sentence jurisprudence and the remedy for the failure to properly impose postrelease control.
>
> * * *
>
> For all of the reasons stated above, we overrule our precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void.

*Harper* at ¶ 4-5, 34, 40.

violation provided in R.C. 2967.28.  151 Ohio St. 3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1.").

{¶ 18} In *Harper*, the high court overruled the proposition that improper sentencing on post-release control renders that portion of a defendant's sentence void.  *Id.* at ¶ 34, 40.  Relying on a separation of powers analysis involving legislatively defined jurisdiction, the high court clarified that, unless raised on appeal (at which time such alleged error is voidable), change to the sentence is barred by res judicata.  *Id.* at ¶ 43.[3] Thus, if a defendant could have raised the issue on appeal, a later attack on the judgment for that reason is barred by the doctrine of res judicata and no later correction may be had; the high court reversed our order to the trial court to correct a defective sentencing entry nunc pro tunc for error relating to post-release control.  *Id.* at 44.  Thus, based on *Harper,* Curtis' action is barred by res judicata, but the application of *Grimes* still stands, rendering defects short of the requirements of *Grimes* in Curtis' sentencing entry as to post-release control, ineffective for the execution for post-release control as part of his sentence.  *Id.* at ¶ 1.  But since Curtis' sentence includes a life sentence without the possibility of parole, it is more than unlikely the trial court judge will ever be faced with the operation of *Grimes* and *Harper* with respect to attempting to execute post-release supervision of Curtis.

{¶ 19}  Following *Harper*, we overrule Curtis' second objection.

## IV.  CONCLUSION

{¶ 20} Having discussed the factual and legal conclusions in the magistrate's decision with regard to what we perceive to be two objections made by Curtis, we adopt the factual findings of the magistrate's decision, having conducted an independent review of her decision, the record, the applicable law, and Curtis' objections.  We modify the magistrate's legal conclusions as discussed herein based on new authority, *Harper*, overruling both of Curtis' objections, denying his motion for judgment on the pleadings,

---

[3] "Having realigned our jurisprudence with the traditional understanding of void and voidable sentences, we caution prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata. *See* R.C. 2953.02 (providing for appeals in criminal cases); 2953.08 (providing for prosecution and defense appeals of felony sentences); 2945.67 (providing when the prosecution may appeal)." *Harper* at ¶ 43.

and granting respondent's motion to dismiss.  Accordingly, we dismiss Curtis' complaint
for a writ of mandamus.

*Motion to dismiss granted;*
*motion for judgment on the pleadings denied;*
*application for writ of mandamus dismissed.*

KLATT and BEATTY BLUNT, JJ., concur.

————————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jamel D. Curtis, | : | |
| Relator, | : | |
| v. | : | No. 19AP-387 |
| The Honorable Karen Held Phipps, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on November 20, 2019

*Jamel D. Curtis,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

IN MANDAMUS ON MOTIONS

{¶ 21} Relator, Jamel D. Curtis, has filed this original action requesting this court issue a writ of mandamus ordering respondent, the Honorable Karen Held Phipps, Judge of the Franklin County Court of Common Pleas, to provide him with a final appealable order in his underlying criminal case Franklin C.P. No. 04CR-03-1576.

Findings of Fact:

{¶ 22} 1. Relator is an inmate currently incarcerated at Northeast Ohio Correctional Center.

{¶ 23} 2. Following a trial to a jury, relator was found guilty of one count of aggravated murder, two counts of murder, two counts of aggravated robbery, and one count of kidnapping. The trial court sentenced relator to life without parole as to the aggravated murder count with an additional 3 years for use of a firearm, 15 years to life as to the murder convictions (which merged for sentencing purposes) with an additional 3 years for the use of a firearm, 10 years as to the kidnapping conviction with an additional 3 years for use of a firearm, and 10 years for each of the aggravated robbery convictions with an additional 3 years for the use of a firearm.

{¶ 24} 3. Relator filed a notice of appeal in this court in *State v. Curtis*, 10th Dist. No. 05AP-795, 2006-Ohio-4230. This court upheld the judgment of the Franklin County Court of Common Pleas.

{¶ 25} 4. On April 19, 2019, relator filed a motion for final appealable order in his underlying criminal case Franklin C.P. No. 04CR-03-1576. Relator asserted there was no final appealable order because the trial court failed to pronounce post-release control in the sentencing entry.

{¶ 26} 5. In a decision and entry filed April 26, 2019, the trial court denied relator's motion.

{¶ 27} 6. Thereafter, relator filed this mandamus action asking this court to order respondent to issue a final appealable order in his underlying criminal case.

{¶ 28} 7. Respondent has filed a motion to dismiss and relator has filed a responsive pleading.

{¶ 29} 8. Relator also filed a motion for judgment on the pleadings because, instead of filing an answer, respondent filed a motion to dismiss.

{¶ 30} 9. The matter is currently before the magistrate on motions.

Conclusions of Law:

{¶ 31} For the reasons that follow, it is this magistrate's decision that this court should deny relator's motion for judgment on the pleadings and grant respondent's motion to dismiss thereby denying relator's mandamus request.

{¶ 32} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act

requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 33} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 34} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 35} In this mandamus action, by arguing there is no final appealable order, relator seeks such in an attempt to then have the ability to file another appeal from his criminal convictions in this court. Relator essentially argues this court did not have jurisdiction over his initial appeal.

{¶ 36} However, in *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, the Supreme Court of Ohio held that the failure to impose post-release control does not affect the finality of the judgment or the appealability of it. The court found that even an illegal sentence does not deprive the appellate court of jurisdiction to consider and correct the error.

{¶ 37} To the extent relator seeks de novo sentencing, he is likewise not entitled to such as his conviction and sentence remain unaffected. At most, a narrow question exists as to whether post-release control should have been imposed on the first degree felony counts. The sentences imposed for those counts remain unaffected. Furthermore, even as

to the asserted failure of the trial court to impose post-release control, there is no absolute entitlement to a de novo sentencing hearing. The absence of the imposition of post-release control can be fixed without a resentencing hearing, and relator cannot show that he has been prejudiced.

{¶ 38} As a factual matter, while relator might be entitled to a writ of mandamus asking the trial court to correct the sentencing entry, the trial court's decision and entry finding him guilty and sentencing him is a final appealable order, and relator exercised his right to appeal from that order. On those grounds, he is not entitled to the writ of mandamus he seeks and respondent's motion to dismiss should be granted

{¶ 39} Further, relator's motion for judgment on the pleadings should likewise be denied. Because respondent filed a motion to dismiss, respondent was not also required to file an answer. As such, relator is not entitled to judgment on the pleadings.

{¶ 40} Based on the foregoing, relator's motion for judgment on the pleadings should be denied. Further, inasmuch as relator cannot establish his entitlement to a writ of mandamus, his request for a writ of mandamus should be denied, and respondent's motion to dismiss granted.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).